UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI KELLER,

      Plaintiff,

v.

COMMISSIONER
OF SOCIAL SECURITY,

      Defendant.

_____/

Civil Action No. 18-10049
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

## REPORT AND RECOMMENDATION TO GRANT PETITIONER'S APPLICATION FOR ATTORNEY FEES [ECF NO. 21]

## I. INTRODUCTION

Daley Disability Law, P.C., counsel for Plaintiff Lori Keller, seeks an award of $4,165.40 for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412. [ECF No. 21]. The requested amount represents 19.2 hours of attorney work on Keller's behalf at a proposed hourly rate of $184.50, and 6.23 hours of legal assistant work on her behalf at a proposed hourly rate of $100.00. The Commissioner did not respond to the application for fees. The Court **RECOMMENDS** that the application for attorney fees be **GRANTED**.

## II.    ANALYSIS

### A.

Under the EAJA, a "prevailing party" in a civil action "brought by or against the United States" is entitled to reasonable attorney fees incurred in that action unless "the position of the United States was substantially justified or … special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); § 2412(d)(2)(A); *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014).  The Court has broad discretion in determining whether to award fees under the EAJA.  *Fisher v. Comm'r of Soc. Sec.*, No. 2015 WL 4944385, at *1 (E.D. Mich. Aug. 19, 2015) (Drain, J.).  But the Sixth Circuit has cautioned lower courts against "rubber stamp[ing]" EAJA fee applications, especially where a party requests an increased hourly rate based on inflation.  *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

### B.

A claimant is entitled to attorney fees under EAJA if (1) she is a prevailing party; (2) the Commissioner's opposing position was without substantial justification; and (3) there are no special circumstances that warrant denial of fees. *Cantu v. Comm'r of Soc. Sec.*, 2019 WL 2314863, at *1 (E.D. Mich. May 31, 2019).  "The application must also be filed within

2

thirty days of a court's final judgment. Only reasonable attorney fees will be permitted." *Id.* (internal citations omitted).  This application meets all these requirements.

By stipulation of the parties, the Court remanded for further agency action pursuant to sentence four of § 405(g).  Keller is thus a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993).

And "the government's position…was without substantial justification. '[T]he relevant inquiry concerning the government's position was whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits.'" *Cantu*, 2019 WL 2314863, at *1 (quoting *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012)). A position is substantially justified if it could satisfy a reasonable person that it was reasonable under both law and fact.  *Id.*  The government carries the burden of showing that its position was substantially justified. *Delong*, 748 F.3d at 725–26 (citing *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004)).  Because the Commissioner did not respond to the application for fees, it has not met this burden. *Cantu,* 2019 WL 2314863, at *1. (collecting cases). The Commissioner's stipulation to remand evidences the government's lack of substantial justification in defending the ALJ's decision to deny benefits.

The application was timely filed, and the Commissioner has not advanced any special circumstance warranting denial.  *See id.*

## C.

The amount of the fees requested is reasonable.  In contemplating what constitutes "reasonable attorney fees," the EAJA provides:

> The amount of fees awarded under this subsection shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  A plaintiff requesting an increased hourly rate bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citation omitted).

Neither attorney affidavits nor the Bureau of Labor Statistics' Consumer Price Index (CPI) alone are sufficient evidence for an increased hourly rate. *See Cantu,* 2019 WL 2314863, at *4 (citing *Miller v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 1018, 1029 (E.D. Mich. 2018) and *Bryant,* 578 F.3d at 450).  But combined they, along with attorney qualifications, have

4

been found to satisfy the applicant's burden.  *Id.* (citing *Miller*, 346 F. Supp. 3d at 1029); *see also Elms v. Comm'r of Soc.Sec.*, 2019 WL 1532372, at *3 (E.D Mich. April 9, 2019) (collecting cases).  Hourly rates may encompass the work of paralegals. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989).  In a Social Security appeal, "a reasonable expenditure of time for the representation of a party" is between "fifteen to thirty hours." *Jeter v. Comm'r of Soc.Sec.*, 2019 WL 1060968, at *2 (W.D. Mich. Feb. 5, 2019).

Here, the application relies on Frederick Daley, Jr.'s affidavit, the CPI, the professional qualifications of the assigned attorneys and paralegals and the NALA Paralegal Association's Compensation and Billing Rates to show that the requested attorney hourly rate of $184.50 and legal assistant hourly rate of $100.00 are reasonable amounts under the EAJA.  The amounts requested by Daley Law are commensurate with those awarded recently by other court's in this District. *See Cantu*, 2019 WL 2314863, at *4; *Elms*, 2019 WL 1532372, at *2.  The total number of hours of this request is also in line with cases awarding EAJA fees to plaintiffs or their counsel. *See id.*

In sum, the Court finds that Daley Law[1] is entitled to attorney fees under EAJA and the request for $4,165.40 is reasonable. Notably, the Commissioner does not object.

## III. CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that Daley Law's motion for EAJA attorney fees be **GRANTED**, and that it be awarded $4,165.40.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 31, 2019

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.

---

[1] "EAJA fees are subject to offset for any pre-existing debt that the Plaintiff owes to the government." *Elms v. Comm'r. of Soc. Sec.*, 2019 WL 1532372, at *4 (E.D. Mich. Apr. 9, 2019).  Daley Law has submitted a copy of Keller's assignment of EAJA fees to it. [ECF No. 21-7].  So the EAJA fees awarded may be paid directly to Daley Law, with an offset for any preexisting federal debt owed by the Keller. *See id.*

72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

7

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2019.

s/Brianna Sauve in the absence of
MARLENA WILLIAMS
Case Manager